# COMMISSION OF APPEALS.

*Promissory note — payment — before suit or injunction — alimony.*

GEORGE L. TERRY, Receiver, &c., respondent, agt. WILLIAM WAIT, impleaded with JOHN MARTIN, appellant.

Where M. held a note against W., which T. claimed as receiver, in hostility to M., the voluntary payment of the note by W. to M., before he was enjoined or sued by T., is valid, notwithstanding W. had prior notice of such claim, and that T. intended to contest the title of M. as having been transferred to him in fraud of the rights of the judgment creditors, unless impeached for actual fraud.

As this suit was *in rem* to reach property in the hands of the defendants, it failed to be effectual, because the defendant, W., had paid the note in question to M. before the plaintiff had obtained an actual lien by the service of the injunction.

The defendant, M., never having been personally served with process, and having collected the note and taken the proceeds to Canada, he had no occasion to appear and submit to the jurisdiction of the courts of this state to try his title to said money.

His neglect to appear and answer, therefore, could not be used as evidence against the defendant, W.; and to recover against him it was incumbent upon the plaintiff to prove the allegations of fraud by other evidence.

Assuming the note was paid by the defendant, W., before this suit was commenced, as found by the court below, he was an unnecessary party to this action. The plaintiff's only remedy was to pursue the fund in the hands of M.

*Quere.* Does the marriage contract give the wife any right to contest a transfer by her husband, after marriage, made by him with intent to defraud her of her support, and to prevent her from recovering alimony? By EARL, Com.

*September Term,* 1871.

THE plaintiff recovered at special term. The allegations in the complaint appear in the opinion. An injunction was

granted, as prayed for, June 8, 1863, and the same with the summons and complaint placed in the hands of the sheriff of Saratoga county, to be served June 9, 1863. That the sheriff attempted to serve the papers on said William Wait the same day, but the said William evaded the sheriff, and the latter was not able to serve said papers at that time, although he followed him with a wagon, and got near enough to tell him he had papers to serve on him.

William Wait then went to Canada and returned a few days later, but the papers were not served upon him until January 27, 1864. Martin not being found, the summons was published against him about August 1, 1863, and his time to appear and answer expired September 15, 1863, but he never appeared in the action and made default.

The cause was tried before justice BOCKES at the Saratoga special term, September 10, 1864.

On the trial William Wait testified that he paid the whole amount of said note to John Martin, June 13, 1863, and before this action was commenced, and the court so found.

William Wait was sworn in supplemental proceedings March 14, 1862, and then testified in regard to said note " it is past due," which deposition was read in evidence, and appeared in the case at folio 97, but com. EARL overlooked that fact, as appears by his opinion.

It was also found by the court that before said payment the said William Wait was notified, by the attorney of said Antha, that she claimed the transfers of said note were fraudulent, and that she should claim satisfaction of her said judgment from the amount he owed on said note.

The plaintiff did not give affirmative proof of the fraudulent transfer of said note, but relied upon the default of said Martin as admitting the same, and no point was made in the court below that such proof was necessary.

The court below decided as matter of law that the payment of said note by William Wait was void as against the plaintiff's judgment, and directed that the plaintiff recover

against William Wait $1,350.98, to cover the amount of the former judgment, with receiver's fees, &c.

The defendant, William Wait, appealed to the general term and the judgment was affirmed in the fourth district, July 12, 1866, at the Saratoga general term held by justices JAMES, ROSEKRANS and POTTER.

The defendant, William Wait, then appealed to the court of appeals, and the same was submitted on printed arguments to the commission of appeals, May 16, 1871.

*W. A. Beach,* for the appellant.

*E. F. Bullard,* for the respondent.

EARL, C.—This action was brought among other things to recover the amount of a certain note given by the defendant William Wait to David W. Wait, of whose property the plaintiff was appointed receiver.

The complaint alleges that said David W. Wait and Antha A. Wait were intermarried in 1850, and that on the 8th day of November, 1862, the said Antha A. commenced an action in the supreme court of this state against her said husband for a separation and for support and maintenance; that such proceedings were had in such action, that on the 24th day of March, 1863, a judgment was rendered therein requiring the husband to pay said Antha A. during her life for her support and maintenance the sum of $70 annually, and to give security for the payment thereof by a bond to said Antha A. in the penal sum of $1,000 with sureties, and also to pay the costs of said action, adjusted at $117.71; that the husband neglected to pay the said costs or to give the said bond, and thereafter execution was issued against him to collect the said costs and the amount of the said bond in pursuance of the said judgment, which execution was returned wholly unsatisfied.

That thereafter proceedings supplementary to execution

were instituted against the husband, said David W. Wait, which resulted in the appointment of the plaintiff as receiver of his property.

The complaint then further alleges that after the said inter-marriage, ·the said David W. owned a note against the defendant William, originally given for about $3,000, and that he held and owned said note until about November, 1862, when he pretended to transfer it to Joseph R. Wait. "That said transfer was made with intent to defraud the said Antha, and to place the same where it could not be reached for her support.

"That previous to such transfer said David had concluded to abandon his said wife and neglect to provide for her, and, with the intent to avoid such duty and obligation, transferred said note, and with intent to defraud said Antha in that behalf and of her lawful action, damages and costs.

"That shortly after said transfer to said Joseph the said note was transferred to one John Martin, who took said note with full knowledge of all said facts and with intent to aid the said David in defrauding the said Antha in that behalf."

The complaint further alleges that the note was so trans-ferred by said David after the same was past due, and that said David had no other property out of which the said judg-ment in favor of the said Antha could be collected, and demanded judgment that said note be declared the property of the said David, and that the transfer thereof be declared void, and that the defendant, William, be adjudged to pay the same to the plaintiff.

The defendant, Martin, suffered default and William Wait answered, putting in issue all the material allegations in the complaint, and alleging payment of the note.

Under the issue as thus joined, to entitle the plaintiff to recover against William Wait, it must be conceded that it was incumbent upon him to prove and establish the allega-tions of fraud above quoted from the complaint upon which the action was based.

By the default of Martin the fact stood confessed as to him, but as against William Wait it was necessary to prove them by competent evidence.

There was not only no proof sustaining these allegations of fraud, but there does not appear to have been any attempt to prove them.

The plaintiff proved the judgment in the case of Antha A. Wait against David W. Wait, in the action for a separation, which appears to have been docketed and entered March 24, 1863, and then proved the proceedings supplementary to execution, resulting in the appointment of the plaintiff as receiver, and then rested without giving any further evidence.

There was not a particle of evidence showing any fraud or when the note was due, or when or how it was transferred. It simply appeared from a deposition of the defendant, William Wait, taken in the supplementary proceedings, that there was due, May 9, 1863, upon the note about $2,500, and that the defendant, Martin, then claimed to own the note and to have gotten it from Joseph R. Wait, and that he claimed payment of the note to him.

The plaintiff having rested upon this evidence, the defendant moved for a nonsuit on the ground that the plaintiff had shown no cause of action, and the court denied the motion and defendant excepted.

Can it be doubted that at this stage of the case the plaintiff had failed to make out any case? He had the affirmative to show that the note was transferred by David W. Wait under such circumstances of fraud as entitled him to it, and this he did not attempt to do.

After the denial of the motion to nonsuit, it was proved that the note was transferred to Joseph R. Wait as early as 1862, about eight months before the commencement of the suit of Antha A. Wait against her husband, and that Joseph R. Wait transferred it to the defendant, Martin, and that defendant William Wait, paid the note to Martin, June 13, 1863, and took the same up. But there was no proof what-

ever bearing upon the question of the alleged fraud, unless it is found in the fact that William Wait insisted upon paying and did pay the note to Martin after being notified of plaintiff's claim, with an offer of indemnity if he would pay the same to the plaintiff.

He consulted counsel and was advised to pay the note to the holder thereof. I do not see how this was evidence of any fraud against him or even of collusion. It was his duty to pay his note to the lawful holder thereof, and there is not a particle of evidence that Martin, who held the note and claimed payment thereof, was not the lawful holder and owner thereof. But it matters not what William Wait's conduct was in June, 1863, nor how much it may be liable to criticism, because the plaintiff shows no title to the note which had been transferred by David W. Wait more than a year before, and, for aught that appears, before it was due.

It was not alleged in the complaint nor proved upon the trial, nor found by the justice that the note was transferred without full consideration, and it makes no difference whether it was or not, as David W. Wait had the right in March, 1862, to give away the note.

The justice, however, found that David W. Wait transferred the note to Joseph R. Wait, and the latter to defendant, Martin, with the fraudulent intent and purpose mentioned in the complaint.

But the appellant is not concluded by this finding, as he excepted to it, and also excepted to the refusal to nonsuit. When a finding of fact is entirely unsupported by evidence, and is excepted to, such exception raises a question of law reviewable in this court.

The justice did not find that the appellant paid the note to Martin with any fraudulent intent, but he held that it was unnecessary to the decision of the case to pass upon the question, and he declined for the same reason to find that the appellant paid the note to Martin after taking legal advice, believing that he was legally bound to make such payment.

---

Terry agt. Wait.

---

Hence the conduct of the appellant in making such payment cannot, in any aspect of this case, be considered here.

These views lead to a reversal of the judgment below and a new trial, costs to abide the event.

GRAY, C., dissented.

NOTE.—This case is briefly reported, 48 *N. Y.*, 657, but as the questions are important, the opinion is now given in full.

LEONARD, J., who was one of the majority of the court when that decision was made, has since decided the other way upon the *obiter* doctrines laid down by EARL, C. (*See Kamp* agt. *Kamp*, 46 *How.*, 143, 145.)